## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DENISE LUPINO, EXECUTOR FOR THE | : | |
| ESTATE OF ANTHONY LUPINO, SR. | : | CIVIL ACTION |
| 1050 Pross Road | : | |
| Lansdale, PA 19446 | : | NO. |
| | : | |
| and | : | |
| | : | |
| ANTHONY FRANKLIN | : | |
| 6048 Alma Street | : | |
| Philadelphia, PA 19149 | : | |
| | : | |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (AMTRAK) | : | **JURY TRIAL DEMANDED** |
| 60 Massachusetts Avenue | : | |
| Washington, D.C. 20002 | : | |
| | : | |
| *Defendant* | : | |

## COMPLAINT

1.  The plaintiff, Denise Lupino, is the executor of The Estate of Anthony Lupino, Sr., a citizen, and resident of the Commonwealth of Pennsylvania, with the address of 1050 Pross Road in Lansdale, Pennsylvania. (Exhibit A)

2.  The Plaintiff, Anthony Franklin, a citizen, and resident of the Commonwealth of Pennsylvania with the address of 6048 Alma Street, in Philadelphia, Pennsylvania.

3.  The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec. 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The

Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive, and under the Roadway Protection Act.

4.   Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the District of Columbia with its principal place of business at the above address, and which regularly does business in the District of Columbia and through the United States of America.

5.   All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

6.   At all time material hereto, Plaintiffs were employed by Defendant.

7.   All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

8.   At the time and place hereinafter mentioned, the acts of omission and commission causing the injuries to the plaintiff were done by the defendant, its agents, servants and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

9.   On or about May 25, 2022 and for some time prior thereto, plaintiffs were employed by defendant, National Railroad Passenger Corporation, and on that date, in the performance of their duties, were caused to sustain the serious, permanent and painful personal injuries, more particularly hereinafter described, the when the water, at defendants' facility, the Amtrak training facility at 1 Highspeed Way, Wilmington, Delaware, was contaminated with Legionella. Plaintiffs were exposed to the Legionella and, as a result, contracted legionnaires disease.

10. The negligence and carelessness of the Defendant consisted of the following, inter alia:

   a.   Failing to provide Plaintiff with a safe place to work.

    b.  Not maintaining the water supply in a safe condition.

    c.  Failing to test the water supply and equipment.

    d.  Failing to follow proper protocols.

    e.  Failing to maintain said water supply and equipment in a condition which would protect and safeguard the Plaintiffs.

11. As a result of the aforesaid, Plaintiff suffered injuries to his brain, and pulmonary system, including but not limited to death.  Plaintiffs has been advised that some or all of the above may be permanent in nature.

12. As a result of the aforesaid, Plaintiffs had incurred a medically determinable physical impairment which prevented Plaintiff from performing all or substantially all of the material acts and duties which constitute their usual and customary work and limited their mobility and daily activities as well as enjoyment of life.

13. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiffs was unable to attend to his usual duties and occupations, all of which caused substantial financial loss.

    WHEREFORE, plaintiffs' claims all remedies available under the Federal Employer's Liability Act (FELA).

                     **KELLER AND GOGGIN, P.C.**

        By:    */s/ Robert S. Goggin, III*
              ROBERT S. GOGGIN, III, ESQUIRE
              D.C. Bar Id. #PA0077
              rgoggin@keller-goggin.com
              Keller & Goggin, P.C.
              1420 Walnut Street, Suite 1108
              Philadelphia, PA 19102
              (215) 735-8780
              (215) 735-5126